UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS SANCHEZ-MENDOZA,<br><br>         Petitioner,<br><br>v.<br><br>BENNER, et al.,<br><br>         Respondents. | Case No.: 18-cv-2768-GPC-LL<br><br>**ORDER DISMISSING CASE**<br><br>**[ECF Nos. 1, 8]** |

On December 7, 2018, Petitioner Carlos Sanchez-Mendoza ("Petitioner"), proceeding *pro se*, filed a petition for writ of habeas corpus ("Petition") pursuant to 28 U.S.C. § 2241. ECF No. 1 ("Pet."). Respondents are the Attorney General of the United States of America, the Secretary of the Department of Homeland Security in the United States ("DHS"), the Field Director and Director of Immigration and Customs Enforcement ("ICE"), the Assistant Field Office Director, and the Warden of Correctional Corporations of America ("CCA") Otay Messa Detention Center.[1] On March 24, 2019, Petitioner filed a motion styled as a "Motion to Submit Evidence in Support of Habeas Corpus Petition 2241 and Argument in Support for Invalid Indefinite

---

[1] Plaintiff names as respondents "Mr. Benner, John Kelly, Ms. Asher, Jeff Sessions, Mr. Figueroa, Kirstjen Nielsen, and Joseph T. Greene." Pet. At 1.

1

Detention." ECF No. 8 ("Motion"). Federal Respondents filed a return on April 5, 2019. ECF No. 11. No replies have been filed.

On February 18, 2020, the Court filed an order directing petitioner to show cause why this action should not be dismissed as moot on or before March 6, 2020. ECF No. 12. Petitioner has not filed a response to this order. On February 28, 2020, the mailed copy of order to show cause was returned as undeliverable. ECF No. 13.

## BACKGROUND

Petitioner was born on February 13, 1983 and is now 43-years old. Pet. at 1. He is a native and citizen of El Salvador. *Id.* Petitioner's mother currently suffers from breast cancer and is a legal permanent resident of the United States. *Id.*

Petitioner has entered the United States without authorization on multiple occasions. On June 27, 2001, Border Patrol apprehended Petitioner when he was attempting to enter the United States illegally. On the same day, Petitioner voluntarily returned to Mexico then re-entered the United States without authorization through Calexico, CA. ECF No. 11-1 at 3.[2]

On August 24, 2012, Petitioner was arrested for driving under the influence ("DUI") in Kent, Washington. ECF No. 1 at 1. However, Petitioner was placed in removal proceedings and on June 9, 2013, an Immigration Judge ("IJ") granted Petitioner's application for a stay of removal and voluntary departure to return to El Salvador by August 3, 2013. ECF No. 11-1 at 2. On July 22, 2013, Petitioner departed the United States. *Id.* at 6.

On April 3, 2014, Petitioner re-entered the United States at or near Otay Mesa, California, and on the same day, the notice to reinstate the prior June 19, 2013 removal order was issued. *Id.* at 6.

---

[2] The pagination for the ECF No. 11-1 (i.e., the exhibits attached to ECF No. 11) follows the Bates numbering, which is listed on the table of contents provided at ECF No. 11-1 at 1. All other page number references to other pleadings refer to the ECF pagination.

On July 25, 2014, the DHS notified the IJ that Petitioner may be suffering from or may have some indicia of a mental disease or defect. *Id.* at 8. On July 30, 2014, the IJ transferred Petitioner's case to the Mental Health Pilot Program docket for the case to be handled at the CCA detention facility in East Mesa, California. *Id.*

On August 8, 2014, the Petitioner appeared before an IJ for a bond hearing. *Id.* at 10. Petitioner was determined to be a member of the class action litigation, *Franco-Gonzalez v. Holder*, 2013 WL 3674492 (C.D. Cal. Apr. 23, 2013), and the IJ found that the immigration court had jurisdiction to redetermine bond because Petitioner had been diagnosed with a mental illness and had been detained in excess of 180 days. *Id.*

On October 8, 2014, the IJ issued the bond determination order. *Id.* at 9. The IJ indicated that there was "no indication that the [Petitioner] was actually convicted for driving under the influence or driving with a suspended license" and found that Petitioner's claims that the charges were dismissed to be "credible." *Id.* at 12. The IJ further found that the DHS had failed to meet its burden to establish that Petitioner was a danger to the community but ultimately held that, due to Petitioner's history of the 2001 voluntary return as well as his illegal re-entry in 2013, a bond amount of $3,000 would be appropriate. *Id.* at 12. The Board of Immigration Appeals affirmed the IJ's order on January 6, 2015. *Id.* at 13. Mendoza did not post bond and remained in detention.

On February 17, 2015, Mendoza was ordered to be removed to El Salvador. *Id.* at 15. Mendoza appealed the removal order to the BIA, and the BIA dismissed the appeal on July 17, 2015. *Id.* at 32.

On October 18, 2015, U.S. Immigrations and Customs Enforcement ("ICE") issued its decision to continue its detention of Petitioner on the basis that the decision from the Ninth Circuit was pending and that a Stay of Removal was in effect. *Id.* at 35. Further, ICE found that since Petitioner had not met the lowest bond requirement that was granted to him, Petitioner was deemed a flight risk. *Id.*

On April 11, 2018, the Ninth Circuit affirmed the BIA decision that denied Petitioner's application for asylum and withholding of removal and protection under the

Convention Against Torture. *Id.* at 36. On July 25, 2018, the Petitioner filed a motion to reconsider. *Id.* at 49. The Ninth Circuit denied this petition on August 14, 2018. *Id.* at 50. The Ninth Circuit's mandate issued on August 22, 2018. *Id.* The issuance of the mandate commenced the ninety-day removal period under 8 U.S.C. § 1231(a).

On August 20, 2018, Petitioner filed a motion with the BIA to terminate his removal proceedings, an alternative motion to reopen the removal proceedings, and a motion to stay his removal. ECF No. 1 at 34; ECF No. 11 at 4. On November 28. 2018, the BIA denied Petitioner's motions. ECF No. 11-1 at 40.

On December 12, 2018, Petitioner filed a petition for review and motion for stay with the Ninth Circuit, and a temporary stay of removal went into effect pending further order. ECF No. 11-1 at 51. On March 5, 2019, the Respondent filed an opposition. *Id.*

## MOOTNESS

In his Petition and Motion, Petitioner argues that he is entitled to release or a bond hearing or, at minimum, a review of his eligibility for bond. In his Petition, Petitioner alleges the following grounds for relief: (1) Petitioner argues that the presumptively reasonable six-month period of detention under 8 U.S.C. §1231(a)(1)(B) has expired; (2) his Fifth Amendment Due Process rights have been violated due to his continued detention; and (3) he is being improperly detained in violation of 8 U.S.C. § 1226(c).[3]

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). "The jurisdiction of federal courts is defined and limited by Article III of the Constitution." *Flast v. Cohen*, 392 U.S. 83, 94 (1968). Further, the judicial power of this and all federal courts is limited to actual cases or controversies. U.S. Const. art. III; *see also Flast*, 392 U.S. at 94–95. "In general a case becomes moot when the issues presented are no longer live or the parties lack a legally

---

[3] While the Motion is styled as a "Motion to Submit Further Evidence," Petitioner does not seek to submit further evidence but instead repeats the arguments as outlined in the Petition. He argues that he is being held without a bond hearing in violation of Section 1226 and that his detention violates his Due Process rights under the Fifth Amendment.

4

cognizable interest in the outcome." *Murphy v. Hunt*, 455 U.S. 478, 481 (1982) (internal quotations omitted); *see also Abdala v. I.N.S.*, 488 F.3d 1061, 1063 (9th Cir. 2007) ("At any stage of the proceeding a case becomes moot when it no longer present[s] a case or controversy under Article III, § 2 of the Constitution.") (internal quotations and citations omitted).

"[T]he function of the writ [of habeas corpus] is to secure immediate release from illegal physical custody." *Picrin-Peron v. Rison*, 930 F.2d 773, 775 (9th Cir. 1991) (citations omitted). "The Supreme Court has held that 'under the writ of *habeas corpus* we cannot do anything else than discharge the prisoner from the wrongful confinement.'" *Id.* (quoting *Ex parte Medley*, 134 U.S. 160, 173, 10 S.Ct. 384, 388, 33 L.Ed. 835 (1890)) (emphasis in original). Where a habeas petitioner is not challenging the validity of his underlying conviction, but rather the condition of his confinement, release from custody moots the habeas petition. *Shetty v. Holder*, 508 F. App'x 613 (9th Cir. 2013) (finding § 2241 petition was properly dismissed as moot after petitioner was released from custody); *Pecrin-Peron*, 930 F.2d 773 (dismissing § 2241 petition because petitioner had been granted immigration parole and released from custody).

A court "may take judicial notice of matters of public record, including duly recorded documents, and court records available to the public through the Pacer system via the internet." *C.B. v. Sonora Sch. Dist.*, 691 F.Supp.2d 1123, 1138 (E.D. Cal. 2009); *see also Holder v. Holder,* 305 F.3d 854, 866 (9th Cir. 2002). The Court accordingly takes judicial notice of the Ninth Circuit docket (No. 15-72538) ("Ninth Circuit Docket") which shows that the mail addressed to Petitioner was returned on November 5, 2019 since he was "[n]o longer in custody." Ninth Circuit Docket, ECF No. 14. On February 28, 2020, the Court issued an order directing petitioner to show cause why this action should not be dismissed as moot on or before March 6, 2020. ECF No. 12. Petitioner has not filed a response to this order. On February 28, 2020, the mailed copy of order to show cause was returned as undeliverable. ECF No. 13.

Accordingly, the Court **DISMISSES** this civil action in its entirety without prejudice based on Petitioner's failure to respond to the order to show cause and the apparent mootness of his claim, based on his release from detention. The Court hereby **DIRECTS** the Clerk to enter a final judgment of dismissal and close the file.

**IT IS SO ORDERED**.

Dated: March 10, 2020

Hon. Gonzalo P. Curiel
United States District Judge